## Jerrahian v. Zoning Board of Adjustment

*L. J. Carter*, for appellant.

*A. L. 'Freedman*, City Solicitor, *R. H. Markowitz*, Assistant City Solicitor, for zoning board.

BROWN, P. J., July 8, 1957.—This is an appeal by Samuel Jerrahian, owner of premises 221-229 South Edgewood Street, Philadelphia, from the decision of the Zoning Board of Adjustment of the City of Philadelphia in refusing to issue a permit for the use of the property for the "storage of trucks and roofing material."

In another case which involved the same property, the zoning board, upon return of that case from the Court of Common Pleas No. 5 and reconsideration, unanimously voted to issue a zoning board of adjustment use registration permit for a public garage.

There was evidence produced before the board to show that the property was being used, at the time of the imposition of zoning regulation in August of 1933, for the storage of vehicles at a monthly rental. In 1946, when appellant acquired the property, it was located in a district which was zoned "D" residential. It appears to still be in a "D" residential district, although it was incorrectly found as a fact by the board that it is located in an "A" residential district.

On August 9, 1955, an appeal was taken to the board of adjustment from the refusal of the zoning administrator of the department of licenses and inspections to grant a use registration permit for the storage of trucks and roofing material on the premises. Notice of this refusal had been given the owner on July 28, 1955. A hearing was held by the board on August 30, 1955, and in its findings of fact and conclusions of law, the board said that the matter was treated as a request for a variance. On September 9, 1955, the board issued a refusal notice which set forth the opinion of the board that a permit

for the storage of trucks and roofing material should not be granted. Thereafter, on October 10, 1955, a certiorari to the zoning board of adjustment was issued by this court in the present case. Subsequently, by agreement of counsel, the case was returned to the board for rehearing and further consideration. The board again decided that a permit should not be granted for the storage of trucks and roofing material.

Determination of the questions involved in this proceeding must necessarily be controlled by the pertinent provisions of the zoning ordinances of the City of Philadelphia. The Code of General Ordinances of the City of Philadelphia, which contains provisions with respect to zoning, went into effect on February 29, 1956. It was stated in the code that: "Except as otherwise provided, all other general ordinances, enacted or approved from January 1, 1701, to the effective date of the Code are repealed as of the effective date of the Code"; Code of General Ordinances of the City of Philadelphia, §1-107 (3), p. 4. It was also provided that: "The repealer provisions of this Chapter or elsewhere in the Code shall not affect: (a) any act done or any right or liability accrued, but all rights and liabilities accrued under any ordinance or statute herein repealed or superseded shall continue and may be enforced in the same manner as if such repeal had not been made; . . . (c) any petition, hearing, or other process pending before any agency; . . .": Code of General Ordinances §1-107 (6), p. 5. The code defines "Agency" as: "Any office, department, board, or commission of the City, including any officer, employee, or other authorized representative thereof, other than the Council or the courts; . . .": Code of General Ordinances §1-103 (1) (a), p. 2.

Accordingly, all rights accrued under the zoning ordinance, which was in effect prior to the effective date of the code, shall still be enforced, and any

petition, hearing or other process which was then pending before the board of adjustment must be governed by the provisions of the prior ordinance. It is clear that since in the present case the appeal to the board of adjustment, a hearing before the board, a decision by the board and a certiorari to the board from this court were all prior to February 29, 1956, the effective date of the Code of General Ordinances, this case must be governed by the Zoning Ordinance of August 10, 1933.

In the ordinance of August 10, 1933, it was provided that: "Any land, the existing use of which at the time of the passage of this ordinance, does not conform with the regulations of the district in which it is located, shall have such use considered a non-conforming use, which may continue on such land but shall be subject to the regulations covering non-conforming uses": Ordinance of August 10, 1933, §4 (1), Ordinances of the City of Philadelphia, 1933, p. 274. "A non-conforming building or use shall be considered as such unless and until it complies with the regulations of the district in which it is located. Such use shall not be changed to a use designated for a district having less restrictive regulations. . . . A non-conforming use when discontinued may be resumed as the same class of use but cannot be resumed as a non-conforming use of a lower class": Ordinance of August 10, 1933, §4(3) and (4). Id., page 274.

It is not disputed, and it was so found as a fact by the board of adjustment, that appellant's property had been used as a public garage in the summer of 1933 and continued to be so used until 1946 when it was sold to appellant. Since then appellant, a roofer, has been using the property for the storage of trucks and roofing material. There was testimony produced before the board to show that at the time of the enactment of the ordinance which is controlling in this case, there

were stored on the premises vehicles which belonged to a plumber, a roofer and a paperhanger. There was also evidence that these tenants generally stored materials used in connection with their businesses in their vehicles which were kept in the garage.

By section 16 (9), (29) and (32) of the Ordinance of August 10, 1933, "Craftsmen's trades," "Coal yards or building material storage" and "Garages" are uses permitted in "A" commercial districts: Ordinances, 1933, pp. 301, 302. They are not permitted in the residential districts. Within the classification of "Garages" are included: "(a) A private garage for pleaure or commercial vehicles. (b) A public or commercial garage or repair shop, gas and oil service stations, *provided*, that no entrance or exit shall be located within fifty (50) feet of property used for a school, church, hospital or public library. (c) A parking garage, for pleasure or commercial vehicles": Ordinance of August 10, 1933, §16 (32) Ordinances, 1933, pp. 302-303.

It should be noted that in the decision of the zoning board of adjustment the storage of the trucks and the roofing material are dealt with separately. Likewise, they are considered separately in this opinion. With respect to the use of the property for the purpose of storing trucks owned by appellant, there is no doubt that such use is permitted by virtue of the prior nonconforming use as a public garage. As provided in the Ordinance of 1933, in the event that a nonconforming use has been discontinued, it may be changed or resumed as a use of the same class or as a use permitted in the same district or in a more restricted district: Williams Appeal, 174 Pa. Superior Ct. 570, 579, 580. In the ordinance, insofar as the use regulations are concerned, where a private garage is permitted, it may be used for both pleasure and commercial vehicles. This is also true for what is

designated as a parking garage. Significantly, under and within the classification of "Garages" are included: "A public or commercial garage or repair shop. . . ." Accordingly, it is manifest that not only is the use of the property for the garaging of vehicles owned by appellant a use which is included in and embraced by the uses permitted in the same district as that within which the undisputed nonconforming use is to be found, but it is in the identical classification within that district, as defined by the ordinance. "Garages" is the use classification. It includes public and private garages as well as pleasure and commercial vehicles. Therefore, it follows that appellant must be permitted to park his trucks on the premises.

As has been seen, the use of property as a garage and for the storage of building material are both permitted in "A" commercial districts. Consequently, the placing of roofing materials in the property is not a use of a lower or less restricted class. Since, "This zoning ordinance permits the change from one non-conforming use to another of the same or a higher classification", the decision of the zoning board of adjustment in this case was incorrect: Munhall Borough Council Appeal, 175 Pa. Superior Ct. 320, 326; cf. Molnar v. George B. Henne & Co., Inc., 377 Pa. 571, 579, 580.

There was apparently a conclusion by the board to the effect that unless a use is identical to the existing use on August 10, 1933, it is not to be considered and treated as a nonconforming use. This conclusion was based upon a case where it was held that a property could not be used for a tailor shop where the use at the time of the passage of the ordinance was for "an office for builders, architects, and/or real estate operators": Darling v. Zoning Board of Adjustment, 357 Pa. 428, 429. The decision in that case does not

require the conclusion that a use must be identical in order to come within the protection of the ordinance. It does hold that under the facts the lower "court erred in allowing a change of a nonconforming use to a use designated for a district having less restrictive regulations": Id., p. 431. In the instant case, the uses prohibited by the decision of the board were permitted by the Ordinance of August 10, 1933, in the district wherein the admittedly nonconforming use was allowed. Hence, appellant may not be deprived of the right to use the premises for the storage of roofing materials and the garaging of his trucks.

### Order

And now, July 8, 1957, it is ordered, adjudged and decreed that the decision of the zoning board be, and it is hereby modified, and the board is directed to order forthwith the immediate issuance of a permit to Samuel Jerrahian authorizing the use of premises 221-229 South Edgewood Street, Philadelphia, for the storage of trucks and roofing material incidental to his business as a roofer.